IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENET ALBERTO OCHOA CASTILLO,

     Petitioner,

v.                                                                              No. 2:26-cv-01253-KG-DLM

MARY DE ANDA-YBARRA, et al.,

     Respondents.

**<u>MEMORANDUM ORDER AND OPINION</u>**

This matter is before the Court on Petitioner Kenet Alberto Ochoa Castillo's Petition for

Writ of Habeas Corpus under 28 U.S.C. § 2241, Doc. 1. Because Petitioner's challenge presents

a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his

petition for the reasons below.

### I.      *Background*

Petitioner, a native and citizen of Honduras, entered the United States in 2019 at the age

of 16. Doc. 1 at 6. He filed a petition for Special Immigrant Juvenile Status under 8 U.S.C.

§ 1101(a)(27(J) and on January 25, 2022, was granted deferred action for a period of four years.

*Id.* at 15. Petitioner is married to a United States citizen and has received employment

authorization. *Id.* at 26–27. On September 8, 2025, Petitioner was detained by immigration

authorities. *Id.* at 4. Petitioner is not subject to a final order of removal and has not received a

bond hearing. *Id.* at 7.

Petitioner filed a petition for a writ of habeas corpus on April 22, 2026. Doc. 6 at 1. He

seeks immediate release, arguing that his prolonged detention without a bond hearing violates

1

due process.  Doc. 1 at 7.  The Government asserts that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225 pending a final removal order.  Doc. 6.

## II.    *Standard of Review*

A habeas petition seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas review is proper where an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

For the reasons below, the Court concludes that (A) § 1226 governs Petitioner's detention; (B) Petitioner's detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment; and (C) release is warranted.

### A.    *Petitioner's detainment is governed by § 1226.*

"Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal."  *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1295 (D.N.M. 2025).  Section 1225 governs noncitizens who are detained at a port of entry or shortly after entry.  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  This includes noncitizens deemed to be "seeking admission" into the United States, 8 U.S.C. § 1225(a), as well as those placed in expedited removal proceedings under § 1225(b)(1).  Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

By contrast, § 1226 "applies to [noncitizens] already present in the United States."  *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).  Section 1226 permits, but does not require, the Attorney General to arrest and detain a noncitizen pending removal proceedings.  *Id.*

"Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings as described by federal regulation." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1295.

Under these principles, Petitioner's detention is governed by § 1226(a). Noncitizens, like Petitioner, who reside in the country are "no longer seeking to enter the United States (lawfully or otherwise)—they are already here."[1] *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296 (internal quotation marks and citation omitted). In this case, Petitioner has lived in the United States since 2019, has received an employment authorization, and is married to a United States citizen. Doc. 1 at 6, 26–27. At the time of his arrest in September 2025, Petitioner had been present in the United States for six years. Accordingly, § 1226(a) authorizes Petitioner's detention.

The Court's conclusion is well supported by prior decisions. The Government concedes that the material facts here are materially indistinguishable from those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where the Court held that § 1226 governed the detention of a noncitizen present in the United States and not apprehended at or near the border. *See* Doc. 6 at 1. The Court has reached the same conclusion in numerous similar cases. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.). The Government acknowledges that these decisions control here if followed. Doc. 6 at 1. Because the Government offers no new basis for Petitioner's continued detention, he is entitled to relief.

---

[1]There is currently a circuit split on this issue. The Second Circuit has held that individuals like Petitioner are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. 2026). The Fifth and Eighth Circuits have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Tenth Circuit has not yet addressed the question.

**B.      *Petitioner's detention violates the Due Process Clause.***

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").  Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing."  *Cortez-Gonzalez*, 811 F. Supp. 3d at 1295.  Petitioner's continued detention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*

**C.      *The proper remedy is release.***

The Court next turns to the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original).  Given the Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v.*

4

*Bondi*, 2026 WL 895567, at \*2 (D.N.M.) (same); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at \*1 (D. Colo.) (same).

### III.   Conclusion

For the reasons stated, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. Before Petitioner's removal order becomes final, the Government may not redetain him absent a predetention hearing before a neutral Immigration Judge at which the Government must establish, by clear and convincing evidence, that he poses a danger or flight risk.  This Order does not affect the Government's ability to detain Petitioner once his removal order becomes final—at that point, his detention is governed by the mandatory detention provision of § 1231.

3. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.